The plaintiff declared on a judgment rendered against the defendant in the Circuit Court of Blount County, Tennessee, in the year 1842, for $ _____. Execution issued on this judgment, and all the defendant's property was sold under it. The last execution issued returnable to Spring Term, 1843. The writ in this case was issued on the 13th of June, 1853. The defendant resided in Tennessee when the judgment was rendered, and he continued to reside in that State until the year 1849, when he removed to Cherokee county, N.C. and has lived in that county ever since.
The defendant relied upon the presumption of payment.
For the purpose of repelling the presumption, the plaintiff proved that, from 1842 up to 1849, the defendant was totally insolvent. The plaintiff then introduced a Mr. Holloway, who had been a constable in Cherokee county, who proved that he had known the defendant for about six years, that as an officer he had claims in his hands against him, and he was always able to collect them; that he thought as much as $150 might have been collected out of him at any time during the last four years.
The amount of principal and interest on the debt in question, was, when the defendant left Tennessee in 1849, $340.
The Court instructed the jury, that the judgment being obtained in 1842, and more than ten years having elapsed since the last execution thereon before this suit was brought, the law presumed the judgment was satisfied; that this presumption was not conclusive, but it was sufficient to throw the burthen of proof upon the plaintiff to repel it; that the testimony *Page 506 
was submitted to them; that if they were satisfied from this testimony, that the presumption was repelled, they would find for the plaintiff, but that if the evidence had not satisfied them upon this point, they should find that the debt was paid.
The defendant's counsel asked the Court to instruct the jury, that upon the plaintiff's own showing, the defendant was in law entitled to a verdict.
The Court declined to give such instruction. The defendant excepted to the whole charge.
Verdict for the plaintiff. Judgment and appeal.
There is no error. By the common law, when a claim, founded on a sealed instrument, remained dormant for twenty years, a presumption of payment arose, and was so strong, that the defendant, in an action brought upon it, could plead payment, and rely upon the lapse of time as proof of the fact. Our act has cut down the time which raises this protection against stale demands, from twenty to ten years. This lapse of time, however, is but presumptive evidence of payment of the demand, leaving to the plaintiff the right of showing, if he can, that the presumption is met by a counter presumption, that the debt has never been paid. Of these latter, the fact of the insolvency of the debtor for ten years next preceding the bringing of the action, or from the last judgment, is one, for in that case a countervailing presumption is raised that the debt has never been paid. In the case before us, the plaintiff's judgment was obtained in 1842, upon which all the property of the defendant was sold without satisfying the judgment, and the last execution was returnable to the Spring Term, 1843, of the Court where the judgment was obtained. This action was brought in March, 1853, more than ten years after the last execution. The defendant resided in Tennessee, where the judgment was obtained, and continued so to reside, until 1849, when he removed *Page 507 
to this State, and during all that time was insolvent, but after removing to this State, his circumstances were improved, and small sums, from time to time, were raised from him by officers.
His Honor instructed the jury that if, from the testimony, they were satisfied that the presumption of payment from lapse of time was repelled they would find for the plaintiff, otherwise, for the defendant. In this there is error. What was presumption of payment was a matter of law, and what would repel it, was likewise a matter of law. It is error in a Judge to submit a question of law to a jury as a matter of fact. His Honor ought to have instructed the jury that the time which elapsed after the second execution, while the defendant remained in Tennessee, and entirely insolvent, being but about six years, did not support the defendant's plea; and that the time he resided in this State, being not more than four years, during which it was shown he was able to pay the plaintiff's debt, did not bring the case within the act of presumptions; in other words, though ten years had elapsed after the last execution, before the bringing of the action, the presumption of payment was repelled by the fact, that from 1843 to 1849 the defendant was wholly insolvant, and that after his removal, not more than four years had elapsed before the action was brought.
The error committed by the Court was, however, corrected by the jury, who returned a verdict for the plaintiff.
In my opinion the judgment should be affirmed.